### UNITED STATES v. NINETY-NINE DIAMONDS.

(District Court, N. D. Minnesota, Third Division. June 17, 1904.)

1. CUSTOMS DUTIES—ILLEGAL ENTRY—FALSE STATEMENTS—FRAUDULENT INTENT—FORFEITURE.

In order to incur the forfeiture and other penalties provided in section 9, Customs Administrative Act June 10, 1890, c. 407, 26 Stat. 135 [U. S. Comp. St. 1901, p. 1895], for making entry of imported merchandise "by means of any false statement, oral or written," it is necessary that the statement should be willfully and knowingly false, and without colorable support from the facts of the case.

2. SAME—ENTRY—DECLARATION.

On entering an importation of certain merchandise, the importer made "the declaration of owner in cases where merchandise has been actually purchased," which is set forth in section 5, Customs Administrative Act June 10, 1890, c. 407, 26 Stat. 132 [U. S. Comp. St. 1901, p. 1889], but it later appeared that the importation was made pursuant to an agreement under which the importer might, after examination, retain and pay for, or return, any part or all of the goods, and the importer admitted that he did not consider himself the actual owner, but made the entry as an accommodation to the parties who caused the goods to be shipped to him. Held that, as he had full dominion over the property, with the right to sell or otherwise dispose of it without accountability to any one, he should be considered the "owner," and might properly make the declaration aforesaid.

At Law. On information for forfeiture of imported merchandise.

This proceeding is brought by the United States for the forfeiture of certain diamonds imported at the port of St. Paul, Minn., by Henry Bockstruck, who, on entering the merchandise, made "the declaration of owner in cases where merchandise has been actually purchased," according to the form set forth in section 5, Customs Administrative Act June 10, 1890, c. 407, 26 Stat. 132 [U. S. Comp. St. 1901, p. 1889], which requires: "That whenever merchandise imported into the United States is entered by invoice, one of the following declarations, according to the nature of the case, shall be filed with the collector of the port at the time of entry by the owner, importer, consignee or agent, which declaration so filed shall be duly signed by the owner, importer, consignee or agent before the collector," etc.

In subsequent proceedings connected with the appraisement of the merchandise, it appeared that it had been sent to said Bockstruck pursuant to an agreement under which he might, after examination, retain and pay for the goods, or return all or any portion to the vendors; and the importer admitted

that he did not consider himself the actual owner of the diamonds, but had made the entry to accommodate the parties who had shipped them to him on approval. It appeared, however, that Bockstruck, when making the entry, stated all the facts to the deputy collector, who advised him that he should make the declaration as owner. The government contends that the statement made in the entry by said Bockstruck, that he was the owner of the merchandise, was a "false statement," within the meaning of section 9 of said act (26 Stat. 135 [U. S. Comp. St. 1901, p. 1895]), which provides: "That if any owner, importer, consignee, agent or other person shall make or attempt to make any entry of imported merchandise * * * by means of any false statement, written or verbal, * * * such merchandise, or the value thereof, to be recovered from the person making the entry, shall be forfeited, which forfeiture shall only apply to the whole of the merchandise or the value thereof in the case or package containing the particular article or articles of merchandise to which such fraud or false paper or statement relates; and such person shall, upon conviction, be fined for each offense a sum not exceeding five thousand dollars, or be imprisoned for a time not exceeding two years, or both, in the discretion of the court."

The government rested after the introduction of certain evidence, whereupon counsel for the claimant moved the court to direct the jury to return a verdict in favor of the claimant.

C. C. Houpt, U. S. Atty., and A. H. Washburn, for the United States. E. C. Stringer and W. Wickham Smith, for claimant.

LOCHREN, District Judge (orally). It is claimed on the part of the government that parties in New York, the firm of Fink, Bodenheimer & Co., were the actual owners of these diamonds, and that the declaration and statement made by Bockstruck that he was the owner was false, and therefore the diamonds are to be confiscated for the alleged misstatement of another person. It seems to me that in order to bring this case within either of the sections referred to, it must appear that the statements made were willfully false, knowingly false. It seems to me it would be a very hard thing to confiscate valuable merchandise because the person to whom it was consigned honestly made a mistake as to his relation to it, as to whether he was the owner or not. If there was colorable ground for the position which he took, he must be considered innocent. I think it must be taken as true that one who has the actual or constructive possession of chattels, with a right which cannot be disputed to use and sell the same as he may see fit, and, in case of a sale, a like right to use or dissipate the proceeds, being therefore accountable to nobody for his disposition of the chattels, or of the proceeds of any sale of the same, is certainly the absolute owner of the chattels, and nobody else has any interest in them. Was not that Mr. Bockstruck's position in relation to them? Whether he understood it so or not, do not the facts place him exactly in that position? The diamonds were to be sent, according to the testimony of the government, from Antwerp. They were to be consigned to Bockstruck from that place. He was to take them all, or such of them as he saw fit to keep, and use them. He had entire dominion over all of them. They were delivered to him when they were delivered to the carrier for transmission to him. They were in his constructive possession when they went into the hands of the carrier, and when they came to the customhouse. He could keep the whole of them if he saw fit. He could sell them, or he could give them away. He could sell them to anybody who would purchase them, and nobody else could

call to account any person who purchased or received them. Nobody could claim these diamonds, if he chose to appropriate them; he had possession of and dominion over them. It seems to me that must be considered as the ownership of them. If there was a contract on the part of the vendor, by which he agreed or obligated himself to receive back such portion as Bockstruck did not choose to keep, that was an agreement to repurchase at the price or at the cost at which they came to Bockstruck under the sale. At any rate, if I am wrong in that, it seems to me there was at least sufficient color—sufficient ground—for taking that view of it to require any court to hold that this statement made by Bockstruck might have been honestly made, and that any person, under the circumstances, could honestly take that view of it; that he might honestly regard himself as the owner of these diamonds at the time he made that statement. It seems to me it would be impossible for any court to hold, under such circumstances, that a party can be treated as a criminal, or as a falsifier, or as a fraudulent person, and the government be permitted to take away his property, and confiscate it. It is not claimed that Bockstruck was dishonest in anything that he did, or that the government has been defrauded, or that any fraud was intended. The government might well require such statements as are required by this statute. Not that it would make any difference to the government, with respect to the revenue which it is to collect, whether the duties on merchandise were paid by the owner, or paid by some one else; but the bill of lading or other paper, which would be the indicia of ownership of the goods coming in transit to the customhouse, might get into the hands, by robbery, larceny, or any other means, of some one who was not entitled to it, and the government might very properly make such provision as would prevent the success of any such criminal proceeding. That may have been one of the objects of the statute, which requires a declaration to be made by the owner, instead of allowing it to be made by any person having the invoice who might choose to pay the duty. Whatever the reasons may have been, they were doubtless sufficient.

If it appeared that a false statement was made intentionally, there is no doubt but that the statute would apply. My impression is that this statement was technically correct, as it was then made under the facts as proven, and that Bockstruck was the real owner of these diamonds. It seems they came into his possession by the purchase and consignment, and that there was no limitation to his dominion over them. His power to dispose of them was ample and unlimited, and his right to the disposal of the proceeds, if he chose to sell them, goes to the full extent of the ownership. I think that the obligation of the vendor was an obligation to repurchase such of them as Bockstruck should not, after examination, determine to keep, or such as he would prefer to dispose of in that way.

Gentlemen of the jury, as the court views the law applicable to this case, it will be your duty to return a verdict in favor of the claimant.

Mr. Washburn: I did not understand exactly the ruling by your honor as to the intent to defraud in this case.

The Court: I should think it would be necessary to show a state of facts from which it would appear that the claimant had knowingly made

a false statement, or a statement such that he could not have believed, and did not believe, to be true, whether the court might finally determine that he was or was not mistaken about it.